IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:23-cv-01279-DDD-MDB

MICHAEL CURRAN;
CHRISTA CURRAN; and
KELLY COLBERT, each individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

HOME PARTNER HOLDINGS LLC;
HPA US1 LLC; and
OPVHHJV LLC, d/b/a Pathlight Property Management,

    Defendants.

## ORDER REGARDING PARTIAL MOTION TO DISMISS AND CERTIFICATION TO THE COLORADO SUPREME COURT

    Plaintiffs rent or have rented single-family homes in Colorado from Defendants as part of Defendants' "rent-to-own" business model. As part of that model, Defendants lease single-family homes to customers while giving those customers the potential opportunity to buy the home from Defendants down the road. Plaintiffs allege, however, that Defendants' lease arrangements violate Colorado law in various ways, including by shifting the burden for certain repairs and maintenance onto them as tenants and by including deceptive terms.

    Plaintiffs bring seven claims in this putative class-action suit, all under Colorado law. Two of those claims—brought under the Colorado Consumer Protection Act and state housing law—present novel theories of liability not addressed in Colorado's state appellate courts. Indeed,

- 1 -

Defendants seek to dismiss those claims (and several others), in part because they present "novel" theories of liability under Colorado law. *See* Doc. 29 at 8.

To resolve these questions, a federal court would have to make an "*Erie* guess" about how the Colorado Supreme Court would resolve them. *Otten v. BNSF Ry. Co.*, 2023 WL 1948626, at \*7 (10th Cir. Feb. 13, 2023). But as shown in the parties' briefing on Defendants' partial motion to dismiss, there is a dearth of case law on several critical issues raised in this case, including whether Plaintiffs can state a claim for their warranty-of-habitability and consumer protection claims. And resolution of those issues will have downwind effects on most, if not all, of Plaintiff's remaining claims.

A federal court may certify questions of Colorado state law to the Colorado Supreme Court where there are "questions of law . . . which may be determinative" and if it "appears to the certifying court that there is no controlling precedent in the decisions of the Supreme Court." Colo. App. R. 21.1(a); *see also Hamilton v. Amazon.com Servs. LLC*, No. 23-1082, 2024 WL 158760, at \*4 (10th Cir. Jan. 12, 2024) (certifying question to Colorado Supreme Court); *see also Hernandez v. Ray Domenico Farms, Inc.*, 414 P.3d 700, 701 (Colo. 2018) (accepting jurisdiction to certify question posed *sua sponte* by this District). The Tenth Circuit certifies questions to state supreme courts that are (1) possibly determinative of the case and (2) sufficiently novel such "that [they] feel uncomfortable attempting to decide it without further guidance." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).

Several issues here pose such questions warranting certification to the Colorado Supreme Court. First, it is unclear whether Plaintiffs can bring claims under Colorado Revised Statutes §§ 38-12-503, 38-12-505,

- 2 -

and 38-12-506, particularly for alleged *per se* violations of those statutes. Plaintiffs argue that Defendants' leases, on their face, amount to a violation of Colorado's warranty of habitability and a related statute that requires any such waivers of that warranty to be made in a separate writing. Both sides reach opposite conclusions about whether those statutes create the cause of action Plaintiffs seek to bring, and neither side has provided definitive Colorado caselaw resolving that issue. And the statutes themselves appear to be sufficiently ambiguous such that I am uncomfortable resolving the issue absent further guidance from Colorado.

Second, it is unclear whether Plaintiffs can maintain a claim under the CCPA even if their lease agreements contain no material falsehoods. Plaintiffs argue that the "illegal" leases themselves amount to actionable conduct under the CCPA because they contain void or illegal provisions regarding the duty to repair premises, among other things. Defendants disagree, suggesting that their full disclosure of the lease terms in the lease absolves them of liability. Defendants cite one Colorado appellate case somewhat on point, but that case's holding is far from determinative here. *State ex rel. Suthers v. Mandatory Poster Agency, Inc.*, 260 P.3d 9, 15 (Colo. App. 2009) (affirming finding that posters and solicitations were not deceptive because there was no risk of confusing them for official government documents).

I am therefore inclined to certify up to two questions to the Colorado Supreme Court. The first question would concern whether Colorado law provides a cause of action for alleged "*per se*" violations of Colorado's warranty of habitability, *see* Colo Rev. Stat. §§ 38-12-503, 38-12-505, where a lease or contract purports to shift the responsibility onto the tenant for certain repairs or maintenance, allegedly in violation of the requirements set forth in Colo. Rev. Stat. § 38-12-506. The central

question here will bear not just on Plaintiffs' claims but also potential class certification: whether Plaintiffs can state such a claim under Colorado statute absent facts showing actual repairs or maintenance that needs to be performed. So it is appropriate for the state's Supreme Court to weigh in. The second question would concern whether Plaintiffs can state a claim under the Colorado Consumer Protection Act where a lease or contract purports to shift the responsibility for repairs as described above, all allegedly in violation of Colo. Rev. Stat. § 38-12-506, or whether that statute simply provides a defense to Defendants for alleged violations of the warranty of habitability.

It is therefore **ORDERED** that:

The parties must submit, on or before April 18, 2024, a joint proposed certification order consistent with the requirements of Colorado Rule of Appellate Procedure 21.1. The parties must confer on this issue in an effort to provide a single proposed order, and that proposed order must include the parties' proposed wording for the certified questions. If the parties cannot agree on which questions to certify or how to word them, the parties may submit competing proposed orders;

With their proposed certification order(s), the parties may submit briefs explaining their positions, including whether they think certification is appropriate and how the certification questions should be phrased. Such briefs must not exceed 2,700 words absent leave of court. The parties may file responsive briefs on or before May 2, 2024, that also must not exceed 2,700 words absent leave of court; and

Defendants' Partial Motion to Dismiss, **Docs. 28 and 29**, is **DENIED WITHOUT PREJUDICE** with leave to re-file once the Colorado

- 5 -

Supreme Court has answered the certified questions in this case or declined to take up those questions.

DATED: March 20, 2024        BY THE COURT:

                                                              _____
                                                              Daniel D. Domenico
                                                              United States District Judge